IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRINIDAD CUTSHALL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-2899 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | JURY DEMANDED |
| DEPUTY C. MARSHALL, | § | |
| Individually, DEPUTY N. POIRER, | § | |
| Individually, DEPUTY R.W. | § | |
| HOLLEY, Individually, | § | |
| LIEUTENANT D.R. CALHOUN, | § | |
| Individually, DEPUTY KENNETH | § | |
| SANDOR, Individually, DEPUTY | § | |
| NAUEL FAIURA, Individually, | § | |
| DEPUTY E. HERNANDEZ, | § | |
| Individually, SERGEANT M.A. | § | |
| CARRIZALES, Individually, | § | |
| DEPUTY P. BATTON, Individually, | § | |
| SERGEANT TODD KLOSTERMAN, | § | |
| Individually, DEPUTY J. LUNA, | § | |
| Individually, SERGEANT DONALD | § | |
| DILLOW, Individually, & DEPUTY | § | |
| S. COGBURN, Individually, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS

## TABLE OF CONTENTS

Page(s)

I.    NATURE AND STAGE OF PROCEEDINGS ...................................... 1

|     |                                                                                              |       |
|-----|----------------------------------------------------------------------------------------------|-------|
| II. | FACTS                                                                                        | 1     |
| III.| STATEMENT OF THE ISSUES                                                                      | 3     |
| IV. | STANDARD OF REVIEW                                                                           | 3     |
| V.  | SUMMARY OF ARGUMENT                                                                          | 5     |
| VI. | ARGUMENT                                                                                     | 6     |
|     | A. 12(b)(4) & (5)--Insufficient Process and/or Service of Process                            | 6     |
|     | B. 12(b)(6)—Failure to State a Claim—subject to the Fed. R. Civ. P. 12(b)(4) and (5) motion. | 7     |
| VII.| CONCLUSION                                                                                   | 14    |
|     | CERTIFICATE OF SERVICE                                                                       | 15    |

# TABLE OF AUTHORITIES

Page(s)

Cases

2009 U.S. Dist. LEXIS 65836 (N.D. Tex. July 29, 2009) .......................................3
*Adams v. Allied Signal Gen. Aviation Avionics*,
  74 F.3d 882 (8th Cir. 1996)...................................................................................6
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................. 4, 5, 7
*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................. 4, 7, 12
*Buehler v. Dear*,
  27 F.4th 969 (5th Cir. 2022) .........................................................................11, 12
*City of Los Angeles v. Heller*,
  475 U.S. 796 (1986) ..........................................................................................12
*City of Newport v. Fact Concerts, Inc.*,
  453 U.S. 247 (1981) ..........................................................................................14

*Coleman v. Bank of New York Mellon*,
  969 F. Supp. 2d 736 (N.D. Tex. 2013)..................................................................3
*Duggan v. City of League City*,
  975 F.Supp. 968 (S.D. Tex. 1997) ........................................................................9
*Gartin v. Par Pharm. Companies, Inc.*,
  289 F. App'x 688 (5th Cir. 2008) .........................................................................6
*Goodman v. Harris Co.*,
  571 F.3d 388 (5th Cir. 2009)...............................................................................12
*Graham v. Connor*,
  490 U.S. 386 (1989) ...........................................................................................11
*Hale v. King*,
  642 F.3d 492 (5th Cir. 2011)................................................................................5
*Harris County v. Cabazos*,
  177 S.W.3d 105 (Tex. App—Houston[1st Dist.]  2005) .....................................13
*Heaney v. Roberts*,
  846 F.3d 795 (5th Cir. 2017)..............................................................................14
*In re Enron Corp.*,
  761 F.Supp.2d 504 (S.D. Tex. 2011) ...................................................................8
*In re Katrina Canal Breaches Litig.*,
  309 F. App'x 833 (5th Cir. 2009) .........................................................................4
*Jackson v. Procunier*,
  789 F.2d 307 (5th Cir. 1986)................................................................................4
*Jones v. Lamar Cty.*,
  2022 U.S. Dist. LEXIS 212307 (E.D. Tex. 2022) ................................................3
*Medrano v. Pearsall*,
  989 S.W.2d 141 (Tex. App.—San Antonio 1999) ..............................................13
*Montoya v. FedEx Ground Package Sys., Inc.*,
  614 F.3d 145 (5th Cir. 2010)................................................................................4
*Morin v. Caire*,
  77 F.3d 116 (5th Cir. 1996)..................................................................................4
*Omni Capital Int'l v. Rudolf Wolff & Co.*,
  484 U.S. 97 (1987) ...............................................................................................6
*Peterson*,
  588 F.3d ..............................................................................................................10
*Pineda v. City of Houston*,
  291 F.3d 325 (5th Cir. 2002)..............................................................................10
*Quadvest, L.P. v. San Jacinto River Authority*,
  7 F.4th 337 (5th Cir. 2021) ..................................................................................7
*Ramming v. United States*,
  281 F. 3d 158 (5th Cir. 2001)...............................................................................4

*Rincon v. City of Laredo*,
   2025 WL 603883 ...........................................................................................................9
*Shaw v. Villanueva*,
   918 F.3d 414 (5th Cir. 2019)......................................................................................5
*Smit v. SXSW Holdings, Inc.*,
   903 F.3d 522 (5th Cir. 2018)......................................................................................8
*Taylor v. Books A Million, Inc.*,
   296 F.3d 376 (5th Cir. 2002)......................................................................................5
*Terry v. Ohio*,
   392 U.S. 1 (1968) .......................................................................................................9
*Tex. Dep't of Crim Justice-Cmty. Justice Div. v. Campos*,
   384 S.W.3d 810 (Tex. 2012).....................................................................................12
*Tex. Dep't of Pub. Safety v. Petta*,
   44 S.W.3d 575 (Tex. 2001).......................................................................................12
*Tucker v. City of Shreveport*,
   998 F.3d 165 (5th Cir. 2021)....................................................................................11
*U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*,
   355 F.3d 370 (5th Cir. 2004)..................................................................................7, 8
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*,
   336 F.3d 375 (5th Cir. 2003)......................................................................................5
*U.S. v. Estrada*,
   459 F.3d 627 (5th Cir. 2006)......................................................................................9
*U.S. v. Scroggins*,
   599 F.3d 433 (5th Cir. 2010)......................................................................................9
*Verastique v. City of Dallas, Texas*,
   106 F.4th 427 (5th Cir.) ............................................................................................10

**Statutes**

Tex. Civ. Prac. & Rem. Code §101.024....................................................................14

**Rules**

Fed. R. Civ. P. 4................................................................................................. 4, 6, 7
Fed. R. Civ. P. 4(c)(1)...............................................................................................5, 6
Fed. R. Civ. P. 10(c) ......................................................................................................7
Fed. R. Civ. P. 12(b)(4) and (5)................................................................................5, 7
Fed. R. Civ. P. 12(b)(4), (5), and (6) .............................................................................1
Fed. R. Civ. P. 12(b)(6) .............................................................................................4, 5
Federal Rule of Civil Procedure 12(b)(4) .................................................................3, 6
Rule 12(b)(5)...............................................................................................................3, 6

TO THE HONORABLE JUDGE HITTNER:

Defendant Harris County files this motion to dismiss under Fed. R. Civ. P. 12(b)(4), (5), and (6), and shows the Court the following:

## I.   NATURE AND STAGE OF PROCEEDINGS

1.   This civil rights lawsuit stems from an alleged use of excessive force against Plaintiff resulting from a pursuit and traffic stop that occurred on December 27, 2023, on IH-10 in Harris County, Texas. Docket Entry (DE) 1.

2.   Plaintiff filed suit on June 22, 2025. DE 1. Plaintiff sued Harris County and multiple Harris County Sheriff's Office (HCSO) deputies alleging constitutional violations for excessive force.

3.   Plaintiff attempted to serve Harris County on June 30, 2024. However, Plaintiff delivered an incomplete copy of Plaintiff's Original Complaint. Exhibit A (medical records) was not included with the documents Harris County received.

4.   Harris County's response is due by July 21, 2025. This motion is timely. The 12(b)(6) portion of the motion is subject to the 12(b)(4) and (5) portion of the motion.

## II.   FACTS

5.   This case arises out of an alleged excessive force incident that occurred on December 27, 2023, as a result of a pursuit and traffic stop. Plaintiff operated a semi tractor trailer on IH-10 in Harris County driving very slowly in a traffic lane. DE 1, Exhibit B (HCSO Incident/Investigation Report) p. 3-4 & 38-42. Harris County

Sheriff's Office (HCSO) deputies pursued Plaintiff for 42 minutes before using stop sticks to deflate the tires. DE 1, Exhibit B p. 3-4 & 38-42. Plaintiff continued to rev the engine causing the tires to spin and spin and smoke. DE 1, Exhibit B p. 42. Plaintiff did not appear to be suffering a medical emergency or to be in distress. DE 1, Exhibit B p. 3. Further, Plaintiff's behavior was consistent with mental illness and intoxication. DE 1, Exhibit B p. 39.

6. Plaintiff refused to comply with commands to exit the vehicle resulting in a three hour standoff. DE 1, Exhibit B p. 4. During the incident, deputies tried to communicate with Plaintiff several times and tried to remove Plaintiff from the cab of the truck several times by employing various types of less than lethal force and K-9 units. Deputies reported Plaintiff did not respond to their commands and less than lethal force was ineffective to gain compliance. After three hours, the deputies finally breached the truck and removed Plaintiff from the cab. Plaintiff physically resisted the deputies and reached for knives. *See, e.g.,* DE 1, Exhibit B p. 38-39.

7. Plaintiff received emergency medical care through Harris Health System, the County Hospital District. DE 1, p. 5-8. Medical providers tested Plaintiff for Amphetamines, Barbiturates, Benzodiazepines, Cocaine, PCP, and Cannabinoids. DE 1, p. 7.

8. The Court may take judicial notice Plaintiff's failure to respond to the deputies and the ineffectiveness of less than lethal force noted throughout DE 1 and Exhibit

B to DE 1, is consistent with mental illness and/or intoxication. *See e.g.*, *Drugs of Abuse: A DEA Resource Guide* (2024 ed.; U.S. Drug Enforcement Agency) and *Diagnostic and Statistical Manual of Mental Disorders* (5th ed.; DSM-5-TR; American Psychiatric Association, 2022) (hereafter DSM-5).

### III. STATEMENT OF THE ISSUES

9. Whether Plaintiff's claims should be dismissed because of insufficient process and/or insufficient service of process.

10. Subject to the above, whether Plaintiff failed to state a claim upon which relief can be granted against Harris County.

### IV. STANDARD OF REVIEW

11. Federal Rule of Civil Procedure 12(b)(4) "allows a defendant to move for dismissal based on insufficient process." *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013)(citing FED. R. CIV. P. 12(b)(4)). The plaintiff bears the burden of proof regarding sufficiency of process. *Lechner v. Citimortgage, Inc.*, 4:09-CV-302-Y, 2009 U.S. Dist. LEXIS 65836 (N.D. Tex. July 29, 2009).

12. A Rule 12(b)(5) motion allows a party to file a motion to dismiss for "insufficient service of process." *Jones v. Lamar Cty.*, 2022 U.S. Dist. LEXIS 212307, at *14 (E.D. Tex. 2022)(citing FED.R. CIV.P. 12(b)(5)). If a defendant raises a Rule 12(b)(5) challenge, it is the plaintiff's burden to establish the validity

of service. *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009). *See also* Fed. R. Civ. P. 4.

13. Under Fed. R. Civ. P. 12(b)(6), a trial court may dismiss a complaint if it fails to state a claim upon which relief can be granted. *Ramming v. United States*, 281 F. 3d 158, 161 (5th Cir. 2001). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated based on the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

14. Plaintiff's allegations must do more than hint at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

16. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, threadbare recitals of the elements of a cause of action, conclusory statements, and legal conclusions couched as factual assertions are insufficient. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

## V. SUMMARY OF ARGUMENT

16. Pursuant to Fed. R. Civ. P. 12(b)(4) and (5), Plaintiff's claims against Harris County must be dismissed because of insufficient process and/or insufficient service of process. Plaintiff failed to serve Movant with a complete copy of the complaint as required by Fed. R. Civ. P. 4(c)(1). Plaintiff failed to serve a copy of the medical records referenced as Exhibit A to the complaint.

17. Subject to the above, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff failed to state a claim for which relief can be granted. Plaintiff's suit must be dismissed the allegations against Harris County are nothing more than general and conclusory.

## VI. ARGUMENT

### A. 12(b)(4) & (5)--Insufficient Process and/or Service of Process

18. Before a district court can exercise personal jurisdiction over a Defendant, "the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When service of a summons and complaint is insufficient, the district court can dismiss the suit. *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996). Fed. R. Civ. P. 4 governs whether process and service of process is sufficient.

19. A motion to dismiss under Rule 12(b)(4) "concerns the form of the process rather than the manner or method of its service, while Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008). If a defendant raises a Rule 12(b)(5) challenge, it is the plaintiff's burden to prove that service was proper. *Id*.

20. The Federal Rules of Civil Procedure require a properly executed summons <u>and copy of the complaint</u> be served upon the defendant in order for process to be sufficient. Fed. R. Civ. P. 4(c)(1). The rule and common-sense dictate that the Plaintiff must serve a complete copy of the complaint, not portions of the complaint.

21. Plaintiff attached medical records to the complaint that he filed with the Court. However, Plaintiff did not serve that exhibit on Harris County.

22. Exhibits attached to a complaint are part of the complaint "for all purposes". *See U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004)(citing Fed. R. Civ. P. 10(c)). "All purposes" must include process and/or service of process. However, Harris County did not receive the medical records attached to the complaint. Plaintiff's process and service of process is insufficient. "Serving" Harris County with an incomplete copy of the complaint does not satisfy Rule 4.

23. Therefore, Plaintiff's complaint should be dismissed due to insufficient process and/or service of process.

> **B. 12(b)(6)—Failure to State a Claim—subject to the Fed. R. Civ. P. 12(b)(4) and (5) motion.**

24. **Conclusory Allegations.** Plaintiff's complaint must be plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). The majority of Plaintiff's allegations are simply legal conclusions with no supporting facts.

25. Further, any allegations in DE 1 that contradict the information in the Exhibits should be ignored because the information in the exhibit controls. Under 12(b)(6), when an exhibit contradicts an allegation, the exhibit controls. The allegation is ignored. *See Quadvest, L.P. v. San Jacinto River Authority*, 7 F.4th 337, 346 (5th Cir.

2021); *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 528 (5th Cir. 2018); *U.S. ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004); *In re Enron Corp.*, 761 F.Supp.2d 504, 518 (S.D. Tex. 2011). Moreover, given Plaintiff's allegations regarding his mental state, he is no position to contradict or question the accuracy of the exhibits. Plaintiff alleges he was unconscious, disoriented and/or incoherent dozens of times. DE 1 ¶¶ 6.1, 6.7, 6.9, 6.11, 6.19, 6.21, 6.28, 6.29, 6.30, 6.32, 6.35, 6.37, 6.43, 7.2, 7.6, and 7.41.

26. Plaintiff's allegations regarding the lack of policies and training regarding excessive force are either demonstrably inaccurate, conclusory, nothing more than legal conclusions, or do not allege a flawed policy. DE 1.

27. Plaintiff's behavior is consistent with intoxication and/or mental illness. The medical providers even tested Plaintiff for multiple intoxicants. DE 1, p. 7. The reasonable inference from that fact is that Plaintiff exhibited behavior and/or symptoms consistent with intoxication. *Id*. And, the medical providers needed laboratory testing to determine what the issue was.

28. Plaintiff does not allege that he appeared to Deputies to be compliant. Plaintiff does not allege he was visibly ill. Deputies are <u>not</u> medical providers nor a laboratory. Deputies faced an individual who failed to pull over for 42 minutes, attempted to drive the truck after it hit stop strips, was not communicating, was not complying with any commands, had no visible medical impediments, was sitting

8

behind the will of a semi-tractor trailer on I-10 and resisted when deputies tried to remove him from the truck.

29. In addition, Plaintiff admits a Grand Jury indicted him for felony evading. DE 1, ¶ 6.3. This means there was probable cause to arrest Plaintiff. And, the Deputies were authorized to use force to effect that arrest. *E.g. Terry v. Ohio*, 392 U.S. 1 (1968). *Rincon v. City of Laredo*, 2025 WL 603883 *6, February 25, 2025 (5th Cir. 2025), *U.S. v. Scroggins*, 599 F.3d 433, 440-441 (5th Cir. 2010), *U.S. v. Estrada*, 459 F.3d 627, 634-35 (5th Cir. 2006), and *Duggan v. City of League City*, 975 F.Supp. 968, 972 (S.D. Tex. 1997). The events laid out in Plaintiff's complaint show a gradual escalation of force that occurred over the course of 4 hours.

30. Plaintiff's allegations are simply inadequate to impose liability under *Monell*. Paragraphs 6.38-6.44 are nothing more than legal conclusions. DE 1. Plaintiff does not identify the policy, practice, custom, etc. at issue, the policymaker, or how the policy is inadequate. In fact, it appears Plaintiff merely went to the HCSO website and listed all the documents on the site—to include the Mission Statement and Code of Ethics. See https://hcsopolicy.com/. DE 1. In short, Plaintiff alleged every policy (including those that have no application to the incident at issue) somehow violates the Constitution, but utterly fails to explain how. This is a meaningless and frivolous allegation.

31. Plaintiff also fails to allege any facts that establish a pattern, practice, custom, etc. of constitutional violations. E.g. ¶¶ 7.19-7.32. Plaintiff does not identify any other incidents, much less a pattern.

> Further cutting against plaintiffs' claim of a consistent pattern of failed discipline are the factors our caselaw has identified as "relevant to determining whether a series of incidents can be called a pattern," *Peterson*, 588 F.3d at 851–52 (citing *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002)). Those factors—such as department size and number of arrests—provide the context necessary to evaluate whether an alleged department-wide pattern is so obvious as to impart constructive notice. *See id.* at 851.
>
> Absent those contextual factors, it is *impossible* to identify the existence of a pattern—much less one that imparts constructive notice. Given a constant number of incidents, the percentage of conduct supporting a pattern of illegality shrinks as the size of the police department or the number of arrests increases.[10] Accordingly, depending on context, an identical number of incidents can strongly support—or render "truly uncompelling"—an inference of a pattern of illegality. *Pineda*, 291 F.3d at 329.[11]
>
> Yet, inexplicably, the complaint eschews discussing either factor. Lacking any context or frame of reference, it trades rational analysis for a random shot in the dark. Plaintiffs have no clue whether nineteen incidents over twenty-three years is sufficiently frequent to be obvious in the context of DPD. So, though they purport to discover a pervasive pattern of failure to discipline, in reality they have alleged nothing at all.

*Verastique v. City of Dallas, Texas*, 106 F.4th 427, 434 (5th Cir.), cert. denied, 145 S. Ct. 772, 220 L. Ed. 2d 273 (2024). Plaintiff's allegations in this case suffer from the same fatal flaw as the allegations in *Verastique*—no context. In addition, Plaintiff failed to plead any facts to put in context.

10

32. Plaintiff fails to allege how training and supervision are inadequate. E.g. ¶¶ 6.42, 7.7-7.9. Plaintiff simply alleges they are inadequate and lists elements with no supporting facts.

33. Paragraphs 7.10-7.18 are all legal conclusions. There are no facts. There are no allegations as to <u>how</u> any particular policy is inadequate. Plaintiff references deliberate indifference with no explanatory allegations.

34. Plaintiff alleges ratification. Again, with no supporting facts. ¶¶ 7.36- 7.38. It is simply another legal conclusion.

35. **No Excessive Force**. The Deputies' conduct must be evaluated from the perspective of a reasonable officer on the scene in the heat of the moment—not with 20/20 hindsight. *Graham v. Connor*, 490 U.S. 386, 396-397 (1989) and *Tucker v. City of Shreveport*, 998 F.3d 165, 171 (5th Cir. 2021). The Court must consider that a police officer is forced to make split-second decisions regarding the amount of force to apply in chaotic and rapidly evolving situations. *Id*. And, the Court must consider how a reasonable officer would perceive events. *Id.* at 171-172 The right to make an arrest allows the arresting officer to use physical coercion. *Buehler v. Dear*, 27 F.4th 969, 980-81 (5th Cir. 2022).

36. In *Buehler v. Dear*, 27 F.4th 969 (5th Cir. 2022), the Fifth Circuit held that the Plaintiff actively resisted arrest when, after being told he was under arrest, Plaintiff turned his back on the officers, walked away, and pulled away from an

officer attempting to grab his wrists. *Id.* at 983-84. And, the officer's perception of events is what matters—not 20/20 hindsight. *Id.* In this case, Plaintiff did not voluntarily pull over, he did not respond to commands, and less than lethal force was ineffective to gain compliance. After three hours, the deputies finally breached the truck and removed Plaintiff from the cab. Plaintiff physically resisted the deputies and reached for knives. *See e.g.*, DE 1, Exhibit B p. 38-39. The Deputies acted reasonably and used reasonable force under the circumstances.

37. Since there was no excessive force, Harris County cannot be liable because there was no underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

38. **TTCA**. Plaintiff claims under the Texas Tort Claims Act (TTCA) are likewise deficient. Plaintiff cannot assert a claim for negligent hiring, supervision, training or retention under the TTCA. DE 1 ¶¶ 7.52-7.59. "The TTCA is also not the appropriate vehicle for claims of negligent failure to train or supervise. *Id.* at 580–81. Such claims are not within the purview of the TTCA because "a plaintiff must allege an injury resulting from the 'condition or use of tangible personal or real property' " and "information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualitites [sic]." *Id.* at 580." *Goodman v. Harris Co.*, 571 F.3d 388, 394 (5th Cir. 2009) (citing *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575 (Tex. 2001)). *See also Tex. Dep't of Crim Justice-*

*Cmty. Justice Div. v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012). The TTCA does not waive immunity for the claims Plaintiff asserts. In addition, Plaintiff failed to allege any facts to support these claims.

39. Plaintiff's claims against Harris County for negligent policymaking and negligent implementation of policies (DE 1 ¶¶ 7.49-7.51 and 7.60-7.61) fail for the same reasons. There is no use of tangible property. *Id*. Further, Plaintiff alleges no facts to support those claims.

40. Further, Plaintiff cannot recast a §1983 claim as a negligence claim to circumvent the intentional tort exception to the TTCA. All of Plaintiff's allegations deal with intentional acts by each of the Defendant officers. Therefore, the TTCA claims based on negligence fail as a matter of law. *Harris County v. Cabazos*, 177 S.W.3d 105, 112-113 (Tex. App—Houston[1st Dist.] 2005); *Medrano v. Pearsall*, 989 S.W.2d 141, 144 (Tex. App.—San Antonio 1999). Note that the only facts Plaintiff alleged pertain to the §1983 claim. Further, Plaintiff does not allege Deputies used tangible property improperly. His complaint is that Deputies used tangible property correctly and injured him. Plaintiff failed to provide any factual basis for the TTCA claims.

41. **Punitive Damages**. Plaintiff's claims for gross negligence / punitive damages / exemplary damages must be dismissed. Plaintiff globally seeks punitive damages against all of the named defendants. DE 1, 7.62-7.64. The TTCA prohibits

exemplary damages. Tex. Civ. Prac. & Rem. Code §101.024. Plaintiff has failed to plead any plausible factual basis showing Harris County employees acted with malice. *Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017). Also, Plaintiff cannot recover punitive damages from the county as a matter of law. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266-67 (1981). Accordingly, Plaintiff has failed to state a viable claim for punitive damages against Harris County and such claims should be dismissed as a matter of law.

## VII.  CONCLUSION

Plaintiff failed to properly serve Movant. Plaintiff has not alleged sufficient facts to invoke the jurisdiction of this Court. The facts Plaintiff has alleged would not impose liability on the Harris County. Harris County requests that Plaintiff's claims be dismissed with prejudice.

Date: July 15, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS
Respectfully submitted,

By: */s/ Frank Ford*
**FRANK FORD**
Assistant County Attorney
ATTORNEY-IN-CHARGE
Federal ID No. 565385
State Bar No. 24012642
Phone: (832) 570-7582 (direct)
Frank.ford@harriscountytx.gov
**SUSANNAH MITCHAM**
Assistant County Attorney
State Bar No. 24107219
Fed Bar No. 3640160
Tel: (713) 274-5383 (direct)
Susannah.Mitcham@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANT HARRIS COUNTY**

# CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

*/s/ Frank Ford*
FRANK FORD