# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TRINIDAD CUTSHALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-2899 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | JURY DEMANDED |
| DEPUTY C. MARSHALL, | § | |
| Individually, DEPUTY N. POIRER, | § | |
| Individually, DEPUTY R.W. | § | |
| HOLLEY, Individually, | § | |
| LIEUTENANT D.R. CALHOUN, | § | |
| Individually, DEPUTY KENNETH | § | |
| SANDOR, Individually, DEPUTY | § | |
| NAUEL FAIURA, Individually, | § | |
| DEPUTY E. HERNANDEZ, | § | |
| Individually, SERGEANT M.A. | § | |
| CARRIZALES, Individually, | § | |
| DEPUTY P. BATTON, Individually, | § | |
| SERGEANT TODD KLOSTERMAN, | § | |
| Individually, DEPUTY J. LUNA, | § | |
| Individually, SERGEANT DONALD | § | |
| DILLOW, Individually, & DEPUTY | § | |
| S. COGBURN, Individually, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT HARRIS COUNTY'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE DAVID HITTNER:

1

Defendant Harris County or ("Defendant") files this answer to Plaintiff's Original Complaint Docket Entry (DE) 1, and respectfully shows the Court as follows:

## I. NATURE OF THE CASE

1. Defendant denies Plaintiff's allegations regarding the nature of the case.

## II. PARTIES

2. Defendant has been correctly named in this lawsuit.

3. Defendant believes the individuals defendants have been correctly named.

4. Defendant does not have sufficient information to admit or deny if Plaintiff is correctly named / identified.

## III. MISNOMER/ALTER EGO

5. Defendant denies Plaintiff's misnomer/alter ego allegations.

## IV. JURISDICTION AND VENUE

6. Defendant admits jurisdiction and venue are correct because Plaintiff asserts claims under 42 U.S.C. §1983 and this incident occurred in the Southern District of Texas.

## V. CONDITIONS PRECEDENT

7. Since it is unclear what Plaintiff means by the term "conditions precedent", Defendant denies all conditions precedent have been performed or occurred.

## VI. FACTS

8. Defendant admits the incident in question occurred on December 27, 2023.

9. Defendant admits the videos, photos, statements, and reports created by the Harris County Sheriff's Office are accurate depictions of the events at issue.

10. Defendant admits there was probable cause to arrest Plaintiff, and a Harris County Grand Jury had probable cause to indict Plaintiff.

11. Defendant admits the Harris County District Attorney dismissed criminal charges against Plaintiff arising from this incident.

12. Defendant does not have sufficient information to admit or deny Plaintiff's medical condition or intoxication level. However, Plaintiff was not in an appropriate condition to operate the vehicle at issue, did not appear to be suffering from a medical emergency, and did not comply with commands from law enforcement.

13. Defendant admits there is a policymaker for the Harris County Sheriff's Office and that there are official policies, ordinances, procedures, customs, and practices applicable to the incident at issue.

14. Defendant denies it has or allows ordinances, policies, procedures, customs, practices, hiring practices, retention practices, training programs, or supervision practices that are legally deficient or violate the Constitution.

15. Defendant denies Plaintiff suffered any injury as a result of deficient ordinances, policies, procedures, customs, practices, hiring, retention, training, and supervision.

16. Defendant denies the existence of a pattern or practice of excessive force or other constitutional violations.

17. Defendant denies it consciously disregarded risks or consequences or constitutional violations or was deliberately indifferent to risks to Plaintiff or others.

18. Defendant denies the Deputies in question were inadequately or unconstitutionally hired, retained, trained, or supervised.

19. Defendant denies the Deputies violated ordinances, policies, procedures, customs, or practices on the date in question.

20. Defendant denies that Plaintiff's inflammatory language, descriptive language, commentary, and interpretation of the events is true or accurate.

21. Defendant denies all other factual allegations that are not consistent with the videos, photos, statements, and reports created by Harris County Sheriff's Office.

## VII. PLAINTIFF'S CAUSES OF ACTION

22. Defendant denies the individual officers are liable to Plaintiff because they are protected by qualified immunity. There is no clearly established law prohibiting the Deputies' conduct at issue in this case. Defendant denies the officers violated Plaintiff's rights. Therefore, Defendant is not liable to Plaintiff under *Monell v. NYC Dept. of Soc. Svcs*, 436 U.S. 658 (1978) and its progeny, 42 U.S.C. §1983, the Texas Tort Claims Act, negligence, or any other theory of recovery. The Texas Tort Claims Act does not apply to the incident at issue or to Plaintiff's claims.

23. Defendant admits there is a policymaker for the Harris County Sheriff's Office and that there are official ordinances, policies, procedures, customs, and practices applicable to the incident at issue and applicable to hiring, retention, training, and supervision of Deputies.

24. Defendant denies it negligently drafted, implemented, applied, or enforced any relevant ordinances, policies, procedures, customs, and/or practices.

25. Defendant denies it negligently or illegally investigated, hired, trained, retained, managed, or supervised Deputies.

26. Defendant denies any acts or omissions pertaining to the incident at issue amount to gross negligence.

27. Defendant denies that Plaintiff is entitled to exemplary or punitive damages.

28. Defendant denies it acted with deliberate indifference.

29. Unless otherwise stated, Defendant makes no answer to allegations that do not address Harris County's liability.

30. Unless otherwise stated, Defendant denies Plaintiff's allegations in Section VII of the Complaint.

## AFFIRMATIVE DEFENSES

31. Plaintiff failed to state a claim against Harris County as set forth in Harris County's Motion to Dismiss.

32. There was no violation of Plaintiff's civil rights arising from the incident at issue.

33. Harris County denies all allegations of wrongdoing, negligence, deliberate indifference, or unconstitutional ordinances, policies, procedures, customs, and/or practices.

34. Defendant denies violations of common law, statutory law, or operational requirements/standards.

35. Harris County is not responsible to Plaintiff based on *respondeat superior*.

36. Qualified immunity protects the individual defendants. Harris County cannot be liable if the individual defendants are not liable. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

37. If Plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal, or otherwise wrongful conduct.

38. If the Plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of his own sole or contributory negligence and/or assumption of risk.

39. If the Plaintiff was injured or damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than Defendant Harris County and Harris County is not liable for those individuals' acts or omissions.

40. The Plaintiff failed to mitigate damages.

41. The Plaintiff failed to exhaust his administrative remedies and/or failed to comply with mandatory filing requirements.

42. The Texas Tort Claims Act bars Plaintiff's state law claims against Defendant. There is no waiver of immunity for Plaintiff's claims.

43. Sovereign immunity bars Plaintiff's claims.

44. Governmental immunity bars Plaintiff's claims.

45. Plaintiff failed to provide the notice of his claim as required by the Texas Tort Claims Act.

## VIII. DAMAGES

46. Defendant denies Plaintiff suffered any legally cognizable injuries or damages as a result of incident at issue and/or as a result of Defendant's acts or omissions.

47. Defendant denies Plaintiff can recover for any of the listed elements of damages from Defendant.

48. Plaintiff is not entitled to exemplary or punitive damages.

49. Defendant asserts all applicable common law and statutory limitations of liability.

50. Defendant denies the Texas Constitution provides a private cause of action to Plaintiff.

## IX. MONETARY RELIEF SOUGHT

51. Defendant denies Plaintiff is entitled to any monetary relief and denies Plaintiff is entitled to equitable relief.

## X. JURY DEMAND

52. Defendant Harris County demands a trial by jury.

## XI. ATTORNEY FEES

53. The claims asserted by Plaintiff against Harris County in this lawsuit are frivolous, unreasonable or groundless. A prevailing defendant is entitled to attorney's fees in a civil rights action when a plaintiff's underlying claim is frivolous, unreasonable or groundless. *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999). Defendant seeks reasonable and necessary attorney's fees as prevailing party pursuant to 42 U.S.C. §1988.

54. Defendant denies that Plaintiff is entitled to attorney fees in this case.

## XII. AMENDMENT / SUPPLEMENT

55. Defendant may supplement or amend this answer as additional information becomes available.

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County prays that Plaintiff take nothing by his suit, that Defendant recover costs and all other relief that Defendant is justly entitled to at law or in equity.

Date: August 20, 2025.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By: */s/ Frank Ford*
    **FRANK FORD**
    Assistant County Attorney
    ATTORNEY-IN-CHARGE
    Federal ID No. 565385
    State Bar No. 24012642
    Phone: (832) 570-7582 (direct)
    Frank.ford@harriscountytx.gov
    **SUSANNAH MITCHAM**
    Assistant County Attorney
    State Bar No. 24107219
    Fed Bar No. 3640160
    Tel: (713) 274-5383 (direct)
    Susannah.Mitcham@harriscountytx.gov

    **OFFICE OF THE HARRIS COUNTY ATTORNEY**
    Harris County Attorney's Office
    1019 Congress
    Houston, Texas 77002
    **ATTORNEYS FOR DEFENDANT HARRIS COUNTY**

## **CERTIFICATE OF SERVICE**

      I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

                                      */s/ Frank Ford*
                                      FRANK FORD