IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRINIDAD CUTSHALL, § § *Plaintiff*, § § v. § § HARRIS COUNTY, TEXAS, § DEPUTY C. MARSHALL, § Individually, DEPUTY N. POIRER, § Individually, DEPUTY R.W. § HOLLEY, Individually, § LIEUTENANT D.R. CALHOUN, § Individually, DEPUTY KENNETH § SANDOR, Individually, DEPUTY § NAUEL FAIURA, Individually, § DEPUTY E. HERNANDEZ, § Individually, SERGEANT M.A. § CARRIZALES, Individually, § DEPUTY P. BATTON, Individually, § SERGEANT TODD KLOSTERMAN, § Individually, DEPUTY J. LUNA, § Individually, SERGEANT DONALD § DILLOW, Individually, & DEPUTY § S. COGBURN, Individually, § § *Defendants.* § | CIVIL ACTION NO. 4:25-cv-2899 JURY DEMANDED |

**DEFENDANT BATTON'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**
**AND MOTION TO STAY**

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      Conclusory Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      No Excessive Force . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      Punitive Damages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

MOTION TO STAY PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

## Cases

Page

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Buehler v. Dear,
    27 F.4th 969 (5th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# **TABLE OF AUTHORITIES** (cont'd)

Cases (cont'd)

Page

City of Los Angeles v. Heller,
    475 U.S. 796 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Duggan v. City of League City,
    975 F.Supp. 968 (S.D. Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Graham v. Connor,
    490 U.S. 386 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hale v. King,
    642 F.3d 492 (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Heaney v. Roberts,
    846 F.3d 795 (5th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

In re Enron Corp.,
    761 F.Supp.2d 504 (S.D. Tex. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Jackson v. Procunier,
    789 F.2d 307 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Montoya v. FedEx Ground Package Sys., Inc.,
    614 F.3d 145 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Morin v. Caire,
    77 F.3d 116 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Quadvest, L.P. v. San Jacinto River Authority,
    7 F.4th 337 (5th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ramming v. United States,
    281 F. 3d 158 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rincon v. City of Laredo,
    2025 WL 603883 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# **TABLE OF AUTHORITIES** (cont'd)

Cases (cont'd)

Page

Shaw v. Villanueva,
    918 F.3d 414 (5th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Smit v. SXSW Holdings, Inc.,
    903 F.3d 522 (5th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Taylor v. Books A Million, Inc.,
    296 F.3d 376 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Terry v. Ohio,
    392 U.S. 1 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tucker v. City of Shreveport,
    998 F.3d 165 (5th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,
    355 F.3d 370 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,
    336 F.3d 375 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

U.S. v. Estrada,
    459 F.3d 627 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

U.S. v. Scroggins,
    599 F.3d 433 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statutes

Tex. Civ. Prac. & Rem. Code §101.024 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rules

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

# DEFENDANT BATTON'S MOTION TO DISMISS

# AND MOTION TO STAY

*TO THE HONORABLE DAVID HITTNER*:

Defendant Deputy Paul Batton files this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and shows the Court the following:

## NATURE AND STAGE OF PROCEEDINGS

1. This civil rights lawsuit stems from an alleged use of excessive force against Plaintiff after a pursuit and traffic stop that occurred on December 27, 2023, in Harris County, Texas. Docket Entry (DE) 1.

2. Plaintiff filed suit on June 22, 2025. DE 1. Plaintiff sued Harris County and multiple Harris County Sheriff's Office (HCSO) deputies alleging constitutional violations for excessive force.

3. By agreement of the parties, Deputy Batton's response is due on August 30, 2025. This motion is timely.

## FACTS[1]

4. Plaintiff operated a semi-tractor trailer on IH-10 in Harris County by driving unusually slow in a traffic lane. DE 1, Exhibit B (HCSO Incident/Investigation Report) p. 3-4 & 38-42. Harris County Sheriff's Office (HCSO) deputies pursued

---

[1]Movant incorporates by reference as if copied here the factual arguments in the co-defendants' motions to dismiss.

1

Plaintiff for 42 minutes before using stop sticks to deflate the tires. DE 1, Exhibit B p. 3-4 & 38-42.

5. Plaintiff nonetheless continued to depress the gas pedal, causing the tires to spin and smoke. DE 1, Exhibit B p. 42. 5. Plaintiff did not appear to be suffering a medical emergency or to be in distress. DE 1, Exhibit B p. 3. Further, Plaintiff's behavior was consistent with mental illness and intoxication. DE 1, Exhibit B p. 39.

6. Plaintiff refused to comply with commands to exit the vehicle. A standoff ensued. DE 1, Exhibit B p. 4. During this time, deputies repeatedly tried to communicate with Plaintiff. The deputies then tried removing Plaintiff from the cab of the truck several times by employing various types of less than lethal force and K-9 units. Deputies reported Plaintiff did not respond to their commands and less than lethal force was ineffective to gain compliance. After three hours, the deputies finally breached the truck and removed Plaintiff from the cab. Plaintiff physically resisted the deputies and reached for knives. *See, e.g.,* DE 1, Exhibit B p. 38-39.

7. Plaintiff received emergency medical care through Harris Health System, the County Hospital District. DE 1, p. 5-8. Medical providers tested Plaintiff for Amphetamines, Barbiturates, Benzodiazepines, Cocaine, PCP, and Cannabinoids. DE 1, p. 7.

8. The Court may take judicial notice Plaintiff's failure to respond to the deputies and the ineffectiveness of less than lethal force noted throughout DE 1 and Exhibit

B to DE 1, is consistent with mental illness and/or intoxication. *See e.g.*, *Drugs of Abuse: A DEA Resource Guide* (2024 ed.; U.S. Drug Enforcement Agency) and *Diagnostic and Statistical Manual of Mental Disorders* (5th ed.; DSM-5-TR; American Psychiatric Association, 2022) (hereafter DSM-5).

## STATEMENT OF THE ISSUE

Whether Plaintiff failed to state a claim upon which relief can be granted against Deputy Batton.

## STANDARD OF REVIEW

9.  Under Fed. R. Civ. P. 12(b)(6), a trial court may dismiss a complaint if it fails to state a claim upon which relief can be granted. *Ramming v. United States*, 281 F. 3d 158, 161 (5th Cir. 2001). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated based on the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

10. Plaintiff's allegations must do more than hint at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

11.  "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, threadbare recitals of the elements of a cause of action, conclusory statements, and legal conclusions couched as factual assertions are insufficient. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). -

## SUMMARY OF ARGUMENT

12.  Plaintiff failed to state a claim for which relief can be granted. Plaintiff's suit must be dismissed because the allegations against Deputy Batton are nothing more than general and conclusory.

## ARGUMENT[2]

**Conclusory Allegations**

13.     Plaintiff's complaint must be plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).    The majority of Plaintiff's allegations are simply legal conclusions with no supporting facts.

14.     Further, any allegations in DE 1 that contradict the information in the exhibits should be ignored because the information in the exhibit controls. Under 12(b)(6), when an exhibit contradicts an allegation, the exhibit controls. The allegation is ignored. *See Quadvest, L.P. v. San Jacinto River Authority*, 7 F.4th 337, 346 (5th Cir. 2021); *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 528 (5th Cir. 2018); *U.S. ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004); *In re Enron Corp.*, 761 F.Supp.2d 504, 518 (S.D. Tex. 2011). Moreover, given Plaintiff's allegations regarding his mental state, he is no position to contradict or question the accuracy of the exhibits. Plaintiff alleges he was unconscious, disoriented and/or incoherent dozens of times. DE 1 ¶¶ 6.1, 6.7, 6.9, 6.11, 6.19, 6.21, 6.28, 6.29, 6.30, 6.32, 6.35, 6.37, 6.43, 7.2, 7.6, and 7.41.

---

[2]Movant incorporates by reference as if copied here the legal arguments in the co-defendants' motions to dismiss.

15. Plaintiff's allegations regarding the use of excessive force are either demonstrably inaccurate or conclusory as nothing more than legal conclusions. DE 1.

16. Plaintiff's behavior was consistent with intoxication and/or mental illness. The medical providers even tested Plaintiff for multiple intoxicants. DE 1, p. 7. The reasonable inference from that fact is that Plaintiff exhibited behavior and/or symptoms consistent with intoxication. *Id*. Moreover, the medical providers needed laboratory testing to determine what the issue was.

17. Plaintiff does not allege that he appeared to Deputy Batton and the other law enforcement officers to be compliant. Plaintiff does not allege he was visibly ill. Deputies are not medical providers nor a laboratory. Deputies faced an individual who failed to pull over for 42 minutes, attempted to drive the truck after it hit stop strips, was not communicating, was not complying with any commands, had no visible medical impediments, was sitting behind the will of a semi-tractor trailer on I-10 and resisted when deputies tried to remove him from the truck.

18. In addition, Plaintiff admits a Grand Jury indicted him for felony evading. DE 1, ¶ 6.3. This means there was probable cause to arrest Plaintiff. Deputy Batton and the other law enforcement officers are authorized to use force to effect an arrest. *See Terry v. Ohio*, 392 U.S. 1 (1968); *Rincon v. City of Laredo*, 2025 WL 603883 *6, February 25, 2025 (5th Cir. 2025); *U.S. v. Scroggins*, 599 F.3d 433, 440-441 (5th Cir.

2010); *U.S. v. Estrada*, 459 F.3d 627, 634-35 (5th Cir. 2006); and *Duggan v. City of League City*, 975 F.Supp. 968, 972 (S.D. Tex. 1997). The events laid out in Plaintiff's complaint show a gradual escalation of force that occurred over the course of 4 hours.

**No Excessive Force**

19. The Deputies' conduct must be evaluated from the perspective of a reasonable officer on the scene in the heat of the moment—not with 20/20 hindsight. *Graham v. Connor*, 490 U.S. 386, 396-397 (1989) and *Tucker v. City of Shreveport*, 998 F.3d 165, 171 (5th Cir. 2021). The Court must consider that a police officer is forced to make split-second decisions regarding the amount of force to apply in chaotic and rapidly evolving situations. *Id*. And, the Court must consider how a reasonable officer would perceive events. *Id.* at 171-172 The right to make an arrest allows the arresting officer to use physical coercion. *Buehler v. Dear*, 27 F.4th 969, 980-81 (5th Cir. 2022).

20. In *Buehler,* the Fifth Circuit held that the Plaintiff actively resisted arrest when, after being told he was under arrest, Plaintiff turned his back on the officers, walked away, and pulled away from an officer attempting to grab his wrists. *Id.* at 983-84. And, the officer's perception of events is what matters—not 20/20 hindsight. *Id.* In this case, Plaintiff did not voluntarily pull over, he did not respond to commands, and less than lethal force was ineffective to gain compliance. After three hours, the deputies finally breached the truck and removed Plaintiff from the cab. Plaintiff

physically resisted the deputies and reached for knives. *See e.g.*, DE 1, Exhibit B p. 38-39. The Deputies acted reasonably and used reasonable force under the circumstances.

21. Since there was no excessive force, Deputy Batton cannot be liable because there was no underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

**Punitive Damages**

22. Plaintiff's claims for gross negligence/punitive damages/exemplary damages must be dismissed. Plaintiff globally seeks punitive damages against all of the named defendants. DE 1, 7.62-7.64. The TTCA prohibits exemplary damages. Tex. Civ. Prac. & Rem. Code §101.024. Plaintiff has failed to plead any plausible factual basis showing Deputy Batton (or any other defendant) acted with malice. *Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017). Accordingly, Plaintiff has failed to state a viable claim for punitive damages against Deputy Batton and such claims should be dismissed as a matter of law.

## MOTION TO STAY PROCEEDINGS

23. Since Plaintiff has asserted claims against Deputy Batton that are subject to qualified immunity, Deputy Batton requests a stay of <u>all</u> proceedings, to include discovery. Movant raised qualified immunity as a defense. Discovery is not permitted before the Court rules on the pending motion to dismiss. *See Carswell v. Camp*, 54

F.4ᵗʰ 307 (5th Cir. 2022). A stay in discovery avoids the "costs and general consequences of subjecting public officials to the risks of discovery." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-144 (1993). In fact, *Carswell* is broad enough to prohibit any proceedings that do not address qualified immunity. *Carswell* at 311. Deputy Batton moves this Court to stay all proceedings until the Court rules on the 12(b)(6) Motion to Dismiss.

## **CONCLUSION**

Plaintiff has not alleged sufficient facts to invoke the jurisdiction of this Court. The facts Plaintiff has alleged would not impose liability on Deputy Batton. Plaintiff's claims should be dismissed with prejudice.

Respectfully submitted,

/s/ David Adler

_____
David Adler
State Bar of Texas 00923150
1415 North Loop West
Suite 905
Houston, Texas 77008
(713) 666-7576
davidadler1@hotmail.com

Attorney for Defendant,
Paul Batton

## **CERTIFICATE OF SERVICE**

    I certify a copy of this pleading was served upon each party via the CM/ECF (PACER) system on August 27, 2025.

/s/ David Adler

_____

David Adler